John Chrystal, Appellee, v. John S. Level, Appellant.

Gen. No. 13,979.

1. AMENDMENTS AND JEOFAILS—*when granting of leave after verdict ground for reversal.* To grant an amendment after verdict which changes the form of the action and the measure of damages applicable, without giving leave to reply and retry the case, is so harmful to the defendant as to require a reversal.

2. MEASURE OF DAMAGES—*in action of fraud and deceit.* In an action for fraud and deceit the measure of damages is the difference in value between the property purchased and its hypothetical value had the facts represented been true.

3. MEASURE OF DAMAGES—*in action upon rescinded contract.* In an action upon a rescinded contract the measure of damages is the cash consideration paid for the property acquired or the value of the security exchanged for such property.

4. JUDICIAL NOTICE—*of what taken.* Judicial notice will be taken of territorial distances in a municipality within the territorial jurisdiction of the court.

Trespass on the case. Appeal from the Superior Court of Cook

county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed November 12, 1908.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court of Cook county for $5,000, in favor of John Chrystal, the appellee here and plaintiff below, against John S. Level, appellant here and defendant below.

The judgment had its source in the following pleadings and proceedings:

February 9, 1905, John Chrystal began a suit in the Superior Court against John S. Level, filing therein a declaration and securing the issuance of a summons.

Both declaration and summons were expressed to be in "a plea of trespass on the case," the words "upon promises" being erased from the printed form of summons and not appearing in the declaration. The declaration alleged no promise, express or implied, but averred deceit and fraud of the defendant to the injury of the plaintiff. It alleged that:

John S. Level was interested in a corporation known as "Chicago Stock Yards & Transit Company," and was desirous of causing the plaintiff, John Chrystal, to buy a hundred shares of stock in it and to cause him to pay for it five thousand dollars, and on the — day of May, 1903, "contriving and intending to deceive and defraud the plaintiff and wrongfully, deceitfully and fraudently induce, persuade and encourage him, the plaintiff, to buy and purchase said shares of stock * * * he, the defendant, falsely, fraudulently and deceitfully then and there asserted and represented to the plaintiff in substance that the said corporation was then and there the owner in fee simple of a certain large amount or quantity of land, to-wit, twenty-five acres, by means of which said false, fraudulent and deceitful assertion and affirmation he, the defendant, did then and there fraudulently and deceitfully induce, persuade and encourage the plaintiff to buy and purchase one hundred shares of stock of said cor-

poration aforesaid, and to pay therefor a large sum of money, to-wit, five thousand dollars;'' that the plaintiff, ''confiding in and giving credit to the said assertion and representation of the defendant and believing the same to be true and not knowing to the contrary thereof, did afterward, to-wit, on the day aforesaid, buy and purchase one hundred shares of stock of said corporation aforesaid, and did pay therefor the sum of $5,000; whereas, in truth and fact at the time of the defendant making his said assertion and representation the said corporation was not the owner in fee simple of, to-wit, twenty-five acres of land, but on the contrary thereof was then and there the owner of, to-wit, ten acres''; that ''the defendant when he made his said assertion and representation well knew the same''; that ''the said shares of stock so purchased by him'' (the plaintiff) ''as aforesaid are of no use or value to the plaintiff and the plaintiff is likely to lose said five thousand dollars'' * * * ''to the damage of the plaintiff in the sum of five thousand dollars, and therefore he brings his suit.''

October 10, 1905, an alias summons against Level, who had not been found by the officer on the first one, was taken out, which described the action as a ''plea of trespass on the case'' simply, and which was returned served.

A general and special demurrer (the special cause assigned being that no specific act of negligence or wrongful conduct was charged) was filed by the defendant to the declaration. This demurrer was overruled and the defendant Level then pleaded the general issue, ''that he was not guilty of the said supposed grievances above laid to his charge, or any of either of them'', etc.

February 7, 1907, the cause was called for trial before a jury. After the evidence for the plaintiff had been presented and the plaintiff had rested, counsel for defendant moved to strike out the evidence of and for the plaintiff on the ground that the declaration was at

variance with the proof; that the declaration alleged the procuring by deceit of a single purchase in May, 1903, of 100 shares of stock of The Chicago Stock Yards & Transit Company for $5,000, and the proof showed two transactions—one in June and one in July—each involving, not a purchase for money, but an exchange of certain bonds of the Cicero and Proviso Railroad for sixty shares and forty shares respectively of the stock of the Stock Yards Company.

Thereupon the plaintiff's counsel moved for leave to amend the declaration to fit the evidence. The court allowed this cross-motion and denied the motion of the defendant. Thereafter, before this case went to the jury, the plaintiff filed an amended declaration.

This amended declaration was "in a plea of trespass on the case" and was identical with the original declaration save that after the allegation that the plaintiff did purchase one hundred shares of the stock of the corporation, there was inserted the averment that he "paid therefor the sum of five thousand dollars in the following manner, to-wit: by delivering to the defendant five certain bonds of the Cicero & Proviso Street Railway Company of the par value of one thousand dollars each, to be and were sold by the defendant at the par value thereof, to-wit, five thousand dollars, received by the defendant in payment for said stock, and the interest which had then and there accrued on said bond credited to the account of the plaintiff;" and that the final allegation was that the corporation was possessed of "no land" instead of "ten acres".

The counsel for the defendant, at the close of the plaintiff's evidence, moved for a peremptory instruction urging that in an action for fraud and deceit including a purchase like the case at bar, the measure of damages is the difference between the actual value of the property purchased and its hypothetical value had it been as represented, and that the plaintiff had presented no evidence of the actual value of the stock, and consequently none of damage to the plaintiff.

This motion was denied, and the counsel for defendant proceeded to put in evidence, but after some evidence was in, moved for a continuance of said cause on the ground that he had been taken by surprise, and that he was not ready to proceed with the trial of the cause on the amended declaration because he was unable to produce any evidence at that time as to the value of the five bonds described in the amended declaration at the time of their alleged delivery to the defendant; that he did not know where the said bonds were, nor whether or not they had any value; that it was absolutely impossible for him to obtain this information at the time of making the affidavit, but that he believed that in the future he would be able to obtain "all information in reference to the value and whereabouts of said bonds and what was done with the same."

The motion for a continuance was denied by the court, and the defendant then renewed his motion for a peremptory instruction. This was refused and the cause was then argued to the jury by both sides.

The jury on February 8, 1907, returned a verdict for five thousand dollars in favor of the plaintiff.

On the same day the defendant moved "that said verdict be set aside and that a new trial be granted in said cause." This motion was continued from time to time until the fourth day of May, 1907. On that date, before the disposition of the motion of the defendant for a new trial, the plaintiff moved that "the action be changed from that of case to assumpsit", and that the plaintiff be given leave to file an amended declaration instanter in certain words and figures set forth in said motion.

This motion was opposed by the defendant, but his objection was overruled by the court and an order was entered changing the action from case to assumpsit and giving plaintiff leave to file the second amended declaration as presented, to the entry of which order the defendant excepted.

The second amended declaration then filed was "in a plea of trespass on the case on promises," but was otherwise like the first amended declaration up to the allegation that the corporation was not at the time of the sale of said shares the owner in fee simple of twenty-five acres of land, but on the contrary thereof was in fact at the time the owner of no land, from which allegation it proceeds: "which fact the defendant then and there knew, whereby the said shares of stock then and there were of no value to the plaintiff, and the plaintiff thereafter, on the discovery of the falsity of said assertion and representation, did tender back to the defendant said shares of stock, by means whereof the defendant then and there became liable to pay to the plaintiff on request the amount of said bill, and being so liable, the defendant in consideration thereof then and there promised the plaintiff to pay him the said amount on request". Then follow the consolidated common counts in *indebitatus assumpsit* and the allegation that "in consideration of the premises the defendant promised the plaintiff to pay him said several sums of money mentioned, but had neglected so to do."

The motion for a new trial was then overruled and also a motion subsequently made in arrest of judgment, and judgment was entered on the verdict against the defendant for $5,000.

From that judgment the defendant has appealed to this court, filing herein assignments of error which cover the points he argues, which are: that the filing of the amended declaration of May 4, 1907, after the cause had been submitted to a jury and a verdict returned, was erroneously permitted, that the said amended declaration was based upon a rescission of the contract described therein, while the original cause of action had been stated to be a claim for damages for fraud and deceit in inducing the contract; that beginning the suit in case for fraud and deceit, filing the original and first amended declarations and prosecut-

ing the cause on those declarations against the plea of "not guilty" thereto, to the verdict of a jury, was an affirmance of the contract, which forbade the rescission thereof, or a judgment based on a rescission thereof; that the statutes and practice of this State only admit amendments to plaintiff's pleadings which "enable the plaintiff to sustain the action for the claim for which it was intended to be brought"; that in the case at bar the claim for which the suit was originally intended to be brought was for damages by the fraud and deceit in procuring a contract which plaintiff affirmed, and not a claim for the value of the consideration in a contract which the plaintiff disaffirmed; that in any event if the trial court had the power after verdict to allow the change in the form of the action and the amendments to the pleading which it did, it abused its discretion in doing so over the objection of the defendant, except on condition of a new trial and the allowance to the defendant of the right to plead anew to the second amended declaration; and, finally, that the verdict is without support in and is against the evidence in the case submitted to the jury, and that a new trial should therefore have been granted on the merits of the case, independently of the action of the court in allowing the amended declaration after verdict.

Louis T. Orr, for appellant; William E. Cloyes and Harvey L. Cavender, of counsel.

James L. Bynum and Charles C. Spencer, for appellee.

Mr. Justice Brown delivered the opinion of the court.

The judgment in this case must be reversed and the cause remanded for a new trial.

We do not think it necessary to decide in this appeal the point, vigorously insisted on by the defendant, that the amendment made under the order of May 4,

1907, in the form of the action by the substituted declaration then filed was not in the power of the court to allow, because of a prior election by the plaintiff between affirming and rescinding the original contract for the purchase of stock in the Chicago Stock Yards and Transit Company.

It seems to us a tenable theory that the evidence might show on a fair trial of this cause under the last amended declaration, that the election, if one was necessary, between affirmance and disaffirmance was made in favor of the latter by the plaintiff before he brought any suit at all.

If that were so, then the argument of the defendant that the election, once made, could not be revoked, would be inconsistent with the theory that the mistaken pleading first filed fixed rights which could not be affected even by the dismissal of the one suit and the beginning of another. And we are not prepared to hold that if such an election were shown by the evidence to have taken place before the suit was begun, it would not be, under the liberal spirit of our amendment laws, an amendment in furtherance of justice, and one "enabling the plaintiff to sustain the action for the claim for which it was intended to be brought," to change the pleading to the extent it was done in this case.

But we are clear that the defendant did not have a fair trial of the issues raised by the amended declaration. He could not have had it with the change of the form of action and the consequent entire change of the measure of damages, without an opportunity, which was here absolutely denied him, of repleading and of retrying his case.

The measure of damages in the action for fraud and deceit was undoubtedly the difference in value between the stock purchased and its hypothetical value had the company owned the twenty-five acres of land which, as it was alleged, it was falsely represented to own. If no evidence or insufficient evidence of either of these

values was offered for the plaintiff, the defendant had a right to rely on that fact in trying the issues and to rely on it not only before the jury but before this court on an appeal.

On the other hand, the measure of damages in the case stated by the amended declaration, which was for the recovery of the consideration paid on a rescinded contract, was the value of the bonds which the plaintiff exchanged for the stock. It was the right of the defendant on this case to show the value or the want of such value in these bonds, which would have been immaterial in the original case.

These considerations, it seems to us, prevented its being within the discretion of the learned trial judge to allow the amendment at the stage of the proceedings at which it was allowed, without granting a new trial.

While this is sufficient to dispose of the case, we deem it proper to say that we should not have been satisfied with the verdict or judgment on the record as it stands, even had the amended declaration been on file when the case was tried before the jury.

The case made by the plaintiff is a peculiar one. Although for many years he had been engaged either as a principal or employe in the brokerage business, dealing in stocks and bonds, although he was one of the original subscribers to the capital stock of the new enterprise known as the Chicago Stock Yards & Transit Company, and although he was one of the directors of the corporation and was present at its meetings, he says that he was content to take, as sufficient reasons for turning over his bonds for certain stock in the company, the statements of the defendant—first, that the company owned twenty-five acres of land; second, that that land was "from 52nd avenue to 48th avenue and from 39th street to the Drainage Canal" (which tract, we can take judicial notice, is half a mile long, and while of varying widths at least in such width more than a sixth of a mile on the average, and certainly nearer sixty than twenty-five acres, as plaint-

iff could easily have seen on any map); third, that the twenty-five acres so situated—seven or eight miles southwest from the Court House—on which he saw "a few pens" and "a man cutting grass," were worth $200,000, or $8,000 an acre, although on record was a deed, of which he produced a copy in evidence, dated four months before the transaction in question, from the Ogden Estate to the defendant, of five acres of it for $5,000.

All this may be true, and the trial judge's somewhat doubtful supposition that the plaintiff might get the jury to believe it seems to have been realized; but we think at least on such a basis the other evidence necassary to establish the damages claimed by the plaintiff should have been clear. We do not think it was so.

We can find no sufficient evidence in the record of the value of the stock or of the bonds which were exchanged for it. As we have said, the value of one or the other was an essential factor in the measure of damages whether the contract were considered affirmed or rescinded.

The par value of the bonds is indeed in evidence and an implication that the defendant said he would take them at their face in consideration of the stock being treated as worth fifty cents on the dollar, but this is not sufficient as proof of the cash value of either bonds or stock on either theory. The transaction was an exchange at nominal prices.

Nor do we find sufficient evidence that the company does not own the land that the defendant is alleged to have said it did. Deeds on record showing that ten acres had been conveyed to it, and the absence of any other deeds to it from record may furnish ground for such a supposition, but are hardly evidence sufficient to found this verdict on. Record is not an essential element in ownership.

This cause should be retried, and the judgment is reversed and it is remanded to the Superior Court for that purpose.

*Reversed and remanded.*