Mervin M. Chesrown, Appellee, v. Henry M. Black et al., On Appeal of Jesse S. Young, Appellant.

### Gen. No. 14,921.

1. PLEADING—*when declaration cured by verdict.* In an action for deceit predicated upon false representations as to the value of corporate stock a defective allegation in the declaration as to lack of value of such stock at the time of the filing of the declaration, is cured by verdict.

2. DECEIT—*what not material in action for.* The question of the ownership of the property immediately prior to the conveyance thereof is not material if the fraudulent representations were made by the defendant and the plaintiff's money paid to the defendant.

Action of deceit. Appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed April 8, 1910. Rehearing denied April 19, 1910.

**Statement by the Court.** Jesse S. Young, the only defendant served in this cause, entered into a copartnership with his co-defendants Black and Coy under the firm name of Henry M. Black & Co., for the purchase and sale of stocks, promoting companies and a general brokerage business. Young was to be treasurer; the others were to be the active men, devoting their entire time to the business.

A few months thereafter plaintiff called at the office of the firm, and in the course of his negotiations with Black for the purchase of stock in the Rector Mining & Developing Company, received from him a prospectus headed as follows:

"HENRY M. BLACK & COMPANY
Stocks and Bonds
Suite, 503 Rector Building,
122 Monroe Street,
Chicago.
The Rector Mining and Development Company
Capital, $2,000,000.
2,000,000 Shares, par value $1.00 each,
full paid and non-assessable.
1,000,000 shares in Treasury.
Incorporated under the laws of Arizona.
Chicago Office ....................Rector Building.
Officers.
Jesse S. Young, President.     C. Helmer Johnson,
Vice-President.
Dr. Albert E. Coy, Secretary & Treasurer.
Directors.
J. S. Young, of W. H. Salisbury Co., Inc., 105, 107, 109
Madison St., Chicago.   *   *   *   "

This prospectus contained, in addition to the usual glowing recommendations, the following statement:

"The Company has acquired all the right, title and interest in five (5) mining claims, embracing 100 acres in the heart of the recent rich gold discoveries at Silver Bow, Nevada.

"The prompt action of one of our Directors, Mr. John H. Pape, of Colorado Springs, Colorado, during his visit to Goldfield, Nevada, three months ago sending his Engineer to Silver Bow at the time, enabled this Company to secure five valuable claims.   The Rector 60 acres, Magnus 20 acres and Old Trail 20 acres—a total of 100 acres."

Black verbally stated not only that every word of the statement was true, but specifically that the Company owned 100 acres of land in that particular section of Nevada.   In fact, the Company never owned any

land but, as defendant Young admitted later, had only a contract for it and having failed to make the payment provided for, had abandoned the property.

In reliance upon the written and verbal statement, plaintiff gave Black his check for $1,000, payable to H. M. Black & Co., for 50,000 shares of the stock. The check was paid in the usual course. Plaintiff was unable to realize anything out of the stock. The jury awarded him $1,000 in his action of deceit against the members of the firm of H. M. Black & Co.

HARRIS F. WILLIAMS, for appellant; ELDON M. VOTAW, of counsel.

CHARLES R. WHITMAN, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

The declaration specifically alleges the making of the representations; their falsity in fact and to the knowledge of defendants, that they were made for the purpose of defrauding plaintiff, and plaintiff's reliance thereon. The conclusion is then stated that the capital stock has no value and is utterly worthless.

Appellant contends that the use of the present tense clearly indicates that the pleader meant that the stock had no value at the time the declaration was filed; that for aught that appears it might have had full value at the time of the sale. In our judgment, the declaration states a substantially good cause of action; the defects or clerical errors, if any, have been cured by the verdict which, under the instructions, could have been rendered only on the theory that the damage of $1,000 was suffered at the time of the purchase because the stock was then worthless.

The contract for the purchase of the properties by the Mining Company was made September 27, 1905. It acknowledged that $1,000 cash had been paid and provided for further payments in cash on December 1

and monthly thereafter, aggregating $8,000. In addition to the cash payments a part of the capital stock was to be issued full paid to the vendor.

When the sale to plaintiff was made in October, 1905, the entire cash investment by the Company was at most $1,000, if indeed this had ever been paid. Unless the payments were kept up and the property acquired, the Company and its stock were utterly valueless. If the representations of ownership of the land had been true, the stock would have had a speculative value which, under the evidence, was at least $1,000, the amount paid. Of course, plaintiff knew that he was risking his $1,000; that he might lose it all if the venture turned out unsuccessful. But he was risking it, on the basis of the Company's ownership of certain claims, not on a possible ownership. In our judgment, the amount of the verdict is fully justified by the evidence as the difference between the actual value at the time of the sale and the value if the representations had been true.

The case of Chrystal v. Level, 144 Ill. App. 533, contains nothing contrary to the views herein expressed. Whether the evidence supports the verdict depends, of course, upon the facts established in each case.

Complaint is made of the refusal to permit testimony as to the ownership of the stock sold to plaintiff. In our judgment this is immaterial. Plaintiff received a certificate in his own name, issued by the Company. He paid his money to H. M. Black & Co. He dealt with the firm through its active members. He bought from them. Whether they caused Black's individual stock or the Company's treasury stock or H. M. Black & Co.'s stock to be cancelled for the new certificate issued to him, their liability would be the same. They knowingly made the false and fraudulent representations which induced plaintiff to part with $1,000 for something that was utterly worthless. Proof that it was Black's own stock would not in any way tend to show that plaintiff was dealing with Black as an indi-

vidual, in the face of all the evidence in the case.
Moreover there was no offer to prove that plaintiff
knew that it was Black's individual stock that he was
purchasing.

*Affirmed.*